**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**
**January 25, 2024**

C.CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 22-0315** (Ohio County CC-35-2019-F-78)

**Bryan O.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Bryan O. appeals the Circuit Court of Ohio County's March 15, 2022, order resentencing him, for purposes of an appeal, following his convictions for three counts of first-degree sexual assault; two counts of third-degree sexual assault; five counts of sexual abuse by a parent, guardian, or custodian; and two counts of child abuse resulting in injury.[1] Petitioner challenges the circuit court's decision to proceed in his absence on the third day of trial. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

The Ohio County Grand Jury returned a twelve-count indictment against petitioner, charging him with three counts of first-degree sexual assault; two counts of third-degree sexual assault; five counts of sexual abuse by a parent, guardian, or custodian; and two counts of child abuse resulting in injury. His three-day jury trial on these charges began on August 18, 2020. The State rested on day two of trial, and, after the jury was excused for the day, petitioner and his counsel informed the circuit court that, although the two planned to further discuss whether petitioner would testify later that evening, the "game plan" at that time was for petitioner to testify the following day.

On day three of trial, however, petitioner failed to appear. Outside the presence of the jury, petitioner's counsel explained to the court that, despite calling petitioner six or seven times, counsel had been unable to reach petitioner. Petitioner's counsel said that petitioner's phone rang when counsel called the "[f]irst three or four times," but after those attempts, petitioner's "phone was shutoff [sic] and it just went right into voice[mail]." The court responded, "Well, given the

---

[1] Petitioner appears by counsel Dean E. Williams, and the State appears by Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday. Initials are used where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

magnitude of the multi-count charges, and the evidence that the State has presented against [petitioner], the [c]ourt is at a loss as to whether or not [petitioner] has voluntarily absenced [sic] himself, he has absconded, or if he has possibly perpetrated harm on himself." The court directed the bailiff to undertake efforts to locate petitioner, and it took a one-hour recess for that purpose.

Petitioner was not located during that recess, nor did he appear during that time. Upon reconvening with petitioner's counsel and the State, again outside the presence of the jury, the court found that,

> especially after yesterday's hearing, after the trial wherein we were discussing plans for today, . . . it would have been abundantly clear to [petitioner] that he needed to come today because he was to present his case in chief, and I think there can be no reasonable denial of his knowledge that we were proceeding today at 9:00 A.M.

Accordingly, the court concluded that petitioner absented himself, but it was "not in a position to say" whether that absence was voluntary because "we have yet to make contact, or actually find [petitioner]."

After making that finding, the court brought the jury back into the courtroom, and the defense rested.[2] The jury was again excused for a recess. During that recess, the court learned from petitioner's mother that she had accompanied petitioner shopping that morning. Petitioner's mother also reported that petitioner had since been located "in the woods near a park." Given these circumstances, the court found that petitioner voluntarily absented himself under Rule 43(b)(1) of the West Virginia Rules of Criminal Procedure—and petitioner's counsel did not argue otherwise—so the court determined to proceed with trial. Accordingly, the court instructed the jury, counsel presented closing arguments, and the jury deliberated, finding petitioner guilty of each count charged in the indictment. The court sentenced petitioner to the statutorily prescribed indeterminate terms of incarceration, ordered to run consecutively. For purposes of pursuing an appeal, the court resentenced petitioner on March 15, 2022, and petitioner now appeals.

In his lone assignment of error, petitioner argues that the court erred in proceeding with trial in his absence. Petitioner asserts that he did not waive his right to be present, and he challenges the court's decision to proceed without knowing whether his absence was voluntary. Petitioner further argues that he was prejudiced by the court's decision because he "could have provided substantial benefit to the proceedings." Because this issue involves interpretation of Rule 43 of the West Virginia Rules of Criminal Procedure, our review is plenary. *See State v. Sites*, 241 W. Va. 430, 443, 825 S.E.2d 758, 771 (2019) ("The general right of a criminal defendant to be present during courtroom proceedings is addressed through the interpretation of the state constitution, a Court rule and statute. Consequently, our review of the issue raised in this case is plenary.").

Rule 43(b) provides that

---

[2] Before the defense rested, the bailiff called petitioner's name three times. Petitioner did not appear.

[t]he further progress of the trial to and including the return of the verdict shall not be prevented *and the defendant shall be considered to have waived the right to be present* whenever a defendant, initially present . . . [i]s voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial).

(Emphasis added.) Here, petitioner ceased communication with his counsel the night before the third day of trial, shopped with his mother in the morning of the third day, then headed for the woods instead of the courthouse. Petitioner does not argue that his absence on the third day of trial was involuntary, and, unquestionably, the facts surrounding his absence compel the conclusion that it was voluntary. That voluntary absence resulted in his waiver of the right to be present on the third day of trial. Further, in light of this waiver, and under the facts of this case, we find that any error in proceeding with trial for a limited time prior to determining that petitioner's absence was voluntary was harmless. *See Sites*, 241 W. Va. at 433, 825 S.E.2d at 762, Syl. Pt. 5 (providing that violations of Rule 43 are subject to a harmless error analysis).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 25, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3